# In The Court of Criminal Appeals State of Texas

83,337-01

Kephren Thomas,
    Relator

No _____
(To Be Applied By The Court)

vs.

Rick Magnus,
    Judge
    Respondent

Superior Court Cause/
Indictment No F1551945

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 22 2015
Abel Acosta, Clerk

## Petition For Writ Of Mandate/Prohibition

To The Judges of the Court of Criminal Appeals:

Comes now Kephren Thomas, Relator, & files this Petition For Writ of Prohibition To Prohibit Judge Rick Magnus from forcing Relator to go to trial with his current counsel & mandate the court to dismiss current counsel & appoint Relator as attorney of record in Cause No F1551945, styled the State of Texas v Kephren Thomas. In support of this Writ, Relator shows the following:

## I

## Statement of Facts

1. Kephren Thomas, hereinafter Relator was arrested Friday February 7, 2015 for possession of a controlled substance under a gram & failure to ID/Fraudulent Possession/use of personal information. Complainant was booked into Dallas County Lew Sterrett Jail. Bail set at $50,000.00 USD.

2. Relator recieved a letter from Dallas County Public Defender Stephen Duplantis, hereinafter Mr Duplantis. In this letter Mr Duplantis began the letter by explaining the types of plea bargains available in great detail. At the end of the letter Mr Duplantis informed Relator he would not visit Relator until it was time for trial. This is a cookie-cutter carbon copy all clients of the Dallas County Public Defenders Office recieves.

3. Mr Duplantis refused to file any motions, visit Relator, correspond with Relator in any way, shape or form, provide Discovery, discuss strategy or perform the normal actions any attorney would.

4. On February 11, 2015 Relator filed a Motion for Examining Trial, sent a letter to Mr Duplantis, explaining the conflict of interest, asking Mr Duplantis to remove himself from the case & explained he does not want Mr Duplantis representing him any longer. There was no response.

5. Instead of advocating for & representing Relator properly, Mr Duplantis refused to schedule an examining trial, refused to allow Relator to challenge the array of jurors as required by Statutory Law, allowed Relator to be Indicted based on false testimony. Relator was indicted March 2, 2015 on possession of a controlled substance under a gram.

6. Relator filed a Motion to Relieve Counsel via U.S. Mail March 18, 2015 signed & witnessed by Thomas Haney. Relator recieved a stamp-filed motion via U.S. Mail dated April 21, 2015. Relator stated in this motion that: 1 Counsel failed to file motions as requested by client & set dates to hear these motions 2 Counsel failed to show any interest in the case at hand 3 Counsel only seeks plea agreement, 4. Counsel failed to request a private investigator, Discovery or scientific expert to examine the alleged evidence 5. Refused to schedule an examining trial, reduce bail, or allow Relator to challenge the array of grand jurors 6. Failed to meet with Relator & familiarize himself with the facts of the case 7 Total breakdown of communication.

7. May 1, 2015 Relator was taken into court & approached by Mr Duplantis. Mr Duplantis told Relator the Dallas County District Attorney Mr Joe Flores, hereinafter D.D.A Flores was offering two years state prison. Mr Duplantis in fact violated his duties as counsel. Mr Duplantis violated the requirements & duties of competent counsel by failing to convey the whole plea bargain. It was a ruse to bait Relator into accepting the two year deal. In open court D.D.A Flores stated as part of the plea bargain, Relator must testify against the individual he was arrested with.

8. Relator told Mr. Duplantis he was disrespecting him by not advocating on his behalf & allowing D.D.A. Flores to offer that amount of time without pointing out the weak aspects of the case. For not conducting an investigation, not making a counteroffer, or advocating on Relators behalf.

9. Relator asked Mr. Duplantis what he would do for Relator in the current criminal cause. Mr. Duplantis became angry, red faced, irate, & began yelling at Relator acting in a very unprofessional manner. Mr. Duplantis told Relator "You're telling me I'm being disrespectful & now you wanna know what the fuck I'm gonna do for you. I'm not gonna do shit for you. I'm gonna get you prison time is what I'm gonna do." Relator responded "You haven't done shit for me since you've been my attorney. Not a single motion, haven't come to visit me, discussed any type of strategy with me, & not even doing the basic things any normal attorney would. You know what, you're fired, dismiss yourself."

10. Mr. Duplantis stated "You're stuck with me. I'm going to talk to the judge & make sure we go to trial together & make sure you're found guilty."

11. Relator stated "I'm going to represent myself & file a 42 USC 1983 against you." Mr. Duplantis lost his cool, turned red, got loud, became very sarcastic & began acting in an overexaggerated manner. Mockingly Mr. Duplantis stated "Ooh I'm so scared. We'll see what the fuck the judge has to say about this."

12. Mr. Duplantis was in the courtroom approximately ten minutes before Relator was brought out. Relator clearly waived his right to counsel, asserted counsel was relieved, asserted his right to self representation under the 6th Amendment to the U.S. Constitution & Faretta v. California (1975) 422 US 806, 45 L Ed 2d 562, 95 S Ct 2525. Mr. Rick Magnus denied Relators right to self representation acting in excess of the courts jurisdiction. Relator argued there can be no denial. Once there has been a clear assertion of rights Relator is the attorney of record. Mr. Rick Magnus again refused.

13. Mr. Duplantis admitted to the negative behavior. Judge Rick Magnus refused to relieve counsel although Mr. Duplantis stated a conflict existed & could not properly or fairly represent Relator.

14. Judge Rick Magnus intentionally set the cause for trial to deny Relator the right to recieve personal release bond. Relator accepted all charges for value/returned for closure.

15. Relator filed a 42 USC 1983 Civil Rights Violation Lawsuit May 11, 2015 with a filing number 3:15-cv-01628-K-BK

16. Relator has filed a complaint with the State Bar of Texas with a notarized affidavit

## II

Respondents action is a clear violation of law based on the facts of the case because the Order denying Relators right to self representation was an act in excess of the courts jurisdiction & had a ministerial duty to appoint Relator as the attorney of record. Respondents action was a clear violation of law based on the facts of the case because the Order denying Relators Motion to Dismiss Counsel was an act in excess of the courts jurisdiction & had a ministerial duty to relieve counsel as attorney of record. Respondents action was a clear violation of law based on the facts of the case because the refusal to dismiss Relators criminal action was an act in excess of jurisdiction. After Acceptance For Value & Return For Settlement & Closure Per HJR-192 Respondent had a ministerial duty to dismiss the criminal action.

## III

Relator has no adequate remedy at law to pursue requested relief other than this writ.

## IV

This court has jurisdiction to issue both a Writ of Prohibition & Mandate in this cause under Article 5, Section 5 of the Texas Constitution & Article 4.04 of Texas Code of Criminal Procedure.

## V

Relator has filed, via U.S. Mail, a request for transcripts & exercised due diligence in obtaining transcripts but has not recieved response. Relator requests transcripts be ordered for May 1, 2015. The court request production of the complaint filed with the

Texas State Bar Association, & Lawsuit 3:15-cv-01628-K-BK along with an Evidentiary Hearing to decide on the issue if necessary.

## VI

Relator requests the Court of Criminal Appeals issue a Stay of Proceedings until the issue can be decided

## VII
### VERIFICATION

I, Kephren Thomas, certify that the above information & all information contained in this Petition are true & correct to the best of my knowledge & that all relevant pleadings & rulings, as required by the Court of Criminal Appeals for the State of Texas would be attached if available to Relator, but have not been made available. I, Relator, further certify that I am unable to obtain copies of this Writ based on inadequacies of our Law Library

Respectfully

Date 5/11/15

Kephren Thomas
Authorized Rep Agent

WITH THE FACTS OF THE CASE, TOTAL BREAK DOWN OF COMMUNICATION BETWEEN ATTORNEY & CLIENT MR DUPLANTIS ADMITTED TO NEGATIVE BEHAVIOR, BIAS, & THE INABILITY TO PROPERLY REPRESENT RELATOR BASED ON CONFLICT RELATOR HAS FILED A CIVIL LAWSUIT AGAINST MR DUPLANTIS & A COMPLAINT WITH THE TEXAS STATE BAR AGAINST MR DUPLANTIS THERE IS NOTHING LEFT TO PROVE OR SEE

THE SECOND ISSUE IS A DENIAL OF RELATORS RIGHT TO SELF REPRESENTATION FARETTA V CALIFORNI (1975) 422 US 806, 45 LEd 2d 562, 95 SG 2525 IS THE LANDMARK CASE IN DEALING WITH SELF REPRESENTATION. THE 6TH AMENDMENT & 14TH AMENDMENT TO THE U.S. CONSTITUTION GUARANTEE NOT ONLY THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BUT ALSO THE RIGHT TO SELF REPRESENTATION. A DEFENDANT IN A STATE CRIMINAL TRIAL HAS A CONSTITUTIONAL RIGHT TO PROCEED WITHOUT COUNSEL WHEN HE VOLUNTARILY ELECTS TO DO SO IF A CRIMINAL DEFENDANT INTELLIGENTLY ELECTS TO ENGAGE IN SELF REPRESENTATION HE MUST WAIVE COUNSEL & ASSERT HIS RIGHT RELATOR DID THAT AT THAT POINT THE COURT HAD A MINISTERIAL DUTY TO APPOINT RELATOR AS COUNSEL

## CONCLUSION

RELATOR HEREBY STATES HE IS ENTITLED TO DISMISSAL OF COUNSEL & BE APPOINTED AS ATTORNEY OF RECORD

## PRAYER FOR RELIEF

RELATOR PRAYS FOR THE FOLLOWING RELIEF:

DISMISSAL OF & REPLACE MENT OF COUNSEL, RELATOR BE APPOINTED AS ATTORNEY OF RECORD, & ANY OTHER RELIEF THE COURT MAY DEEM NECESSARY

RESPECTFULLY

DATE 5/11/15

KEPHREN THOMAS
AUTHORIZED REP AGENT